IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LENROY RAVALIER, JR.,<br><br>                    Defendant. | INDICTMENT<br><br>CRIMINAL NO. 2020-34<br><br>VIOLATIONS:<br>Title 18, United States Code, Section 1028A<br>Title 18, United States Code, Section 1344<br>Title 18, United States Code, Section 1956<br>Title 14, Virgin Islands Code, Section 791<br>Title 14, Virgin Islands Code, Section 1083 |

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

At all times relevant to this Indictment:

    1.    **LENROY RAVALIER, JR.** ("Ravalier") was a resident of St. Thomas, VI.

    2.    L.R. was the father of Ravalier, and L.R. was also a resident of St. Thomas, VI.

    3.    FB was a bank based in Puerto Rico, and its accounts were insured by the Federal Deposit Insurance Corporation.

    4.    BP was a bank based in Puerto Rico, and its accounts were insured by the Federal Deposit Insurance Corporation.

    5.    STFCU was a credit union based in St. Thomas, VI, and its accounts were insured by the National Credit Union Share Insurance Fund.

    6.    Ravalier maintained a BP bank account x5680 ("Ravalier's personal account").

United States v. Ravalier, Jr.
Indictment
Page 2

7. Ravalier opened a BP bank account x8646 ("Ravalier's laundering account") in his own name on December 27, 2018, and closed said account on March 11, 2019.

8. Ravalier maintained an STFCU bank account x2013 ("Ravalier's credit union account").

## COUNTS ONE - TWO

(*Bank Fraud*, 18 U.S.C. § 1344)

9. The factual allegations contained in Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated as if fully set forth herein.

10. On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendant,

**LENROY RAVALIER, JR.**

did knowingly execute and attempt to execute a scheme and artifice to obtain moneys, funds, credits, assets and securities under the custody and control of FB, a financial institution with accounts insured by the Federal Deposit Insurance Corporation, by means of false and fraudulent pretenses, to wit: he repeatedly and without authorization passed forged checks in the name of L.R., drawn on L.R.'s FB bank account.

| COUNT | DATE | CHECK NUMBER | AMOUNT | TRANSACTION DESCRIPTION |
|---|---|---|---|---|
| 1 | December 21, 2018 | 368 | $300,000.00 | Check deposited into Ravalier's personal account |
| 2 | December 21, 2018 | 369 | $3,000.00 | Check cashed by Ravalier |

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

### COUNT THREE

(*Grand Larceny*, 14 V.I.C. § 1083)

11.     On or about December 21, 2018, the defendant,

**LENROY RAVALIER, JR.**

did take the personal property of another, specifically, $300,000 in United States currency belonging to L.R., such property having a value of more than $500.

All in violation of Title 14, Virgin Islands Code, Section 1083(a).

### COUNT FOUR

(*Grand Larceny*, 14 V.I.C. § 1083)

12.     On or about December 21, 2018, the defendant,

**LENROY RAVALIER, JR.**

did take the personal property of another, specifically, $3,000 in United States currency belonging to L.R., such property having a value of more than $500.

All in violation of Title 14, Virgin Islands Code, Section 1083(a).

### COUNT FIVE

(*Aggravated Identity Theft*, 18 U.S.C. § 1028A)

13.     On or about December 21, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

United States v. Ravalier, Jr.
Indictment
Page 4

**LENROY RAVALIER, JR.**

aiding and abetting others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit: the defendant knowingly used the name and signature of L.R., an actual person known to the Grand Jury, on check number 368, to commit bank fraud, in violation of 18 U.S.C. § 1344(2).

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT SIX

(*Aggravated Identity Theft*, 18 U.S.C. § 1028A)

14.   On or about December 21, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

**LENROY RAVALIER, JR.**

aiding and abetting others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit: the defendant knowingly used the name and signature of L.R., an actual person known to the Grand Jury, on check number 369, to commit bank fraud, in violation of 18 U.S.C. § 1344(2).

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### COUNT SEVEN

(*Money Laundering*, 18 U.S.C. § 1956)

15. The factual allegations contained in Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated as if fully set forth herein.

16. On or about December 27, 2018, in the District of the Virgin Islands and elsewhere, the defendant,

### LENROY RAVALIER, JR.

aiding and abetting others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction involving the use of BP, a financial institution engaged in activities affecting interstate commerce, to wit, depositing $270,000 into Ravalier's laundering account, which involved the proceeds of a specified unlawful activity, that is a violation of 18 U.S.C. § 1344(2), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

### COUNT EIGHT

(*Money Laundering*, 18 U.S.C. § 1956)

17. The factual allegations contained in Paragraphs 1 through 8 of this Indictment are re-alleged and incorporated as if fully set forth herein.

United States v. Ravalier, Jr.
Indictment
Page 6

18. On or about January 2, 2019, in the District of the Virgin Islands and elsewhere, the defendant,

**LENROY RAVALIER, JR.**

aiding and abetting others known and unknown to the Grand Jury, did knowingly conduct and attempt to conduct a financial transaction involving the use of STFCU, a financial institution engaged in activities affecting interstate commerce, to wit, depositing $120,500 into Ravalier's credit union account, which involved the proceeds of a specified unlawful activity, that is a violation of 18 U.S.C. § 1344(2), knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNT NINE

(*Forgery*, 14 V.I.C. § 791)

19. On or about December 21, 2018, the defendant,

**LENROY RAVALIER, JR.**

did utter, pass, and attempt to pass as true and genuine a falsely made and forged check, namely, check number 368, drawn on L.R.'s bank account with FB, knowing the same to have been false and forged.

All in violation of Title 14, Virgin Islands Code, Section 791(2).

## COUNT TEN

(*Forgery,* 14 V.I.C. § 791)

20.    On or about December 21, 2018, the defendant,

**LENROY RAVALIER, JR.**

did utter, pass, and attempt to pass as true and genuine a falsely made and forged check, namely, check number 369, drawn on L.R.'s bank account with FB, knowing the same to have been false and forged.

All in violation of Title 14, Virgin Islands Code, Section 791(2).

## FORFEITURE ALLEGATION #1

1.    The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344 set forth in Counts One and Two of this Indictment, the defendant,

**LENROY RAVALIER, JR.**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violations.

3.    If any of the property described above, as a result of any act or omission of the defendant:

   a.    cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

  All pursuant to 18 U.S.C. § 982(a)(2)(A).

## FORFEITURE ALLEGATION #2

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1028(b)(5).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1028A set forth in Counts Five and Six of this Indictment, the defendant,

**LENROY RAVALIER, JR.**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 1028(b)(5), any property constituting or derived from proceeds obtained, directly or indirectly, as a result of such violations, and pursuant to Title 18, United States Code, Section 1028(b)(5), any personal property used or intended to be used to commit the offenses.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(2)(B) and 28 U.S.C. § 2461(c).

## FORFEITURE ALLEGATION #3

1. The allegations contained in Counts Six and Seven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

2. Upon conviction of the offenses in violation of Title 18, United States Code, Section 1956 set forth in Counts Seven and Eight of this Indictment, the defendant,

**LENROY RAVALIER, JR.**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property real or personal, involved in such offenses, and any property traceable to such property.

3. If any of the property described above, as a result of any act or omission of the defendant:

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 982(a)(1).

**GRETCHEN C.F. SHAPPERT**
**United States Attorney**

_____
**ALESSANDRA P. SERANO**
Chief, Criminal Division

_____
**Nathan Brooks**
Assistant United States Attorney
United States Attorney's Office
District of the Virgin Islands
5500 Veterans Drive, Suite 260
St. Thomas, Virgin Islands 00802
Telephone (340) 715-9417
Nathan.Brooks@usdoj.gov

DISTRICT COURT OF THE VIRGIN ISLANDS: Returned a True Bill into the District Court 8th day of October 2020, by Grand Jurors and filed.

_____
**HONORABLE ROBERT A. MOLLOY**
United States District Judge
District of the Virgin Islands