**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**LENROY RAVALIER, JR.,** )<br>)<br>**Defendant.** ) | Case No. 3:20-cr-0034 |

**ORDER**

**BEFORE THE COURT** is the trial in this matter, currently scheduled for March 1, 2021. For the reasons stated herein, the time to try this case is extended up to and including April 26, 2021.

On March 17, 2020, the Chief Judge of the District Court of the Virgin Islands entered a general order responding to the COVID-19 pandemic. The Chief Judge noted that the pandemic had been declared a national emergency and a public health emergency by the President of the United States. The Chief Judge also noted that the Governor of the Virgin Islands had declared a state of emergency. The Chief Judge found it necessary to "take reasonable and prudent actions" "in order to further public health and safety, and the health and safety of Court personnel, counsel, litigants, other case participants, jurors, persons with other business at the courthouse, and the general public." *Mar. 17, 2020, Order Concerning Operations of the District Court of the Virgin Islands During the COVID-19 Outbreak* at 1-2 *(Mar. 17, 2020)*, https://www.vid.uscourts.gov/sites/vid/files/general-ordes/CoronaVirus OperationsOrder.pdf.

Among other precautionary measures, the Chief Judge continued all criminal trials scheduled from March 18, 2020, through April 16, 2020. The Chief Judge found that the ends of justice required excluding March 18, 2020, through April 16, 2020, from the Speedy Trial count in all criminal matters.

> Such exclusion is necessary as to any cases scheduled for trial during the March 18, 2020 through April 16, 2020 period in order to assure that there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice.

> Such exclusion of time is also necessary in cases that are set for trial outside of the March 18, 2020[,] through April 16, 2020[,] time period, as well as cases that are not yet set for trial, in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients; the difficulties that the parties are likely to face in undertaking all of the tasks necessary to fully prepare for trial; and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein.

*Id.* at 2-3. The Chief Judge has since extended the general order nine times, excluding March 18, 2020, through February 16, 2021, from the Speedy Trial count in all criminal matters.

Since the Chief Judge entered the general order, the crisis in the U.S. Virgin Islands and the United States in general has intensified. On March 17, 2020, there were approximately 7,000 confirmed cases in the United States, two of which were in the U.S. Virgin Islands. As of the date of this Order, there are over 19,200,000 confirmed cases in the United States, 1979 of which are in the U.S. Virgin Islands. The virus has claimed over 333,000 lives in the United States and 23 in the U.S. Virgin Islands. The number of cases and deaths continues to rise rapidly.

Recognizing the gravity of the situation, Congress passed an unprecedented financial assistance package, the CARES Act, on March 27, 2020. The Act was signed into law by the President of the United States that same day. Among its many provisions, the CARES Act authorizes district courts to use teleconferencing to hold felony plea hearings and felony sentencing hearings under appropriate circumstances. *See* CARES Act, Pub. L. No. 116-136, § 15002(b)(2) (2020).

Moreover, recognizing the severity of the public health crisis presented by COVID-19, Virgin Islands Governor Albert Bryan declared a state of emergency for the Virgin Islands in March 2020. In a series of executive orders in March and April of 2020, Governor Bryan instituted a number of precautionary and preventative measures that significantly curtailed economic and local governmental operations. Over the next several months, the rate of new positive COVID-19 cases in the Virgin Islands decreased significantly. As a result, Governor Bryan loosened the previously ordered restrictions. However, beginning in July, the Virgin Islands began to see a dramatic uptick in new positive COVID-19 cases. On August 13, 2020, Governor Bryan issued an executive order effecting a return to all the previously imposed

restrictions on economic and local governmental operations along with additional restrictions (the "Stay-at-Home Phase"). Among other measures, Governor Bryan ordered all nonessential businesses to close, all nonessential public workers to stay home, all establishments—except for grocery and 'big-box' stores—to limit occupancy to no more than ten people, and all schools and churches to close. In imposing such restrictions, Governor Bryan emphasized that these measures are necessary to curtail the rapidly increasing spread of COVID-19 in the Virgin Islands. Thereafter, on September 8, September 15, and September 30, 2020, Governor Bryan issued additional executive orders which provided for certain new restrictions while relaxing other restrictions, moving the Territory from the "Stay-at-Home Phase" to the Territory's "Safer-at-Home Phase."

These restrictions saw some success in reducing the rate of new positive COVID-19 cases in the territory for some amount of time. Indeed, from September 30, 2020, to October 31, 2020, the total positive COVID-19 cases rose from 1323 to 1378—an average of 1.83 new cases per day for the month—and from October 31, 2020 to November 30, 2020, the total positive COVID-19 cases rose from 1378 to 1550—an average of 5.73 new cases per day for the month. *See Virgin Islands Department of Health COVID19 Report*, https://www.covid19usvi.com/covid19-report (last visited December 15, 2020). However, the rate of new positive COVID-19 cases in the territory has increased dramatically since the end of November. Indeed, from November 30, 2020, to December 14, 2020, the total positive COVID-19 cases have risen from 1550 to 1828—an average of 19.9 new cases per day over that two-week period. *Id.* On December 14, 2020, the Virgin Islands Department of Health reported that the positivity rate for tests since December 7, 2020, has risen to 9%. *See Governor Bryan Closes Nightclubs, Bars to Close After Christmas As COVID-19 Cases Continue to Spike Across the Territory*, https://www.covid19usvi.com/node/3048 (last visited December 15, 2020).

As a result of this dramatic increase in new cases, on December 12, 2020, the Chief Judge issued the Fifteenth Order Concerning Operations of the District Court of the Virgin Islands during the Covid-19 Outbreak. That order continued all trials from December 12, 2020, through January 15, 2021 pending further order of the Court, thus superseding the

Court's November 30, 2020 Fourteenth Order Concerning Operations of the District Court of the Virgin Islands during the Covid-19 Outbreak which had proceeded with the incremental resumption of Court operations. In light of the continued surge in cases, on January 15, 2021, the Chief Judge issued the Seventeenth Order Concerning Operations of the District Court of the Virgin Islands during the COVID-19 Outbreak continuing all trials through February 16, 2021, pending further order of the Court, and superseding the prior Operational Order.

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that further extending this period would be in the best interest of justice. In order to avoid overwhelming our healthcare system, it is essential that action be taken to slow the spread of the virus. Social distancing--specifically avoiding gatherings of more than 10 people and maintaining a distance of at least 6 feet from others—is the most effective check against the transmission of COVID-19. Given the increasingly dire circumstances faced by the U.S. Virgin Islands and the United States as a whole, the Court finds that a greater extension of time is necessary for the protection and well-being of the defendant, the jury, the prosecutors, the witnesses, the Court's personnel, and the general public at large.

The premises considered, it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through April 26, 2021, shall be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161. It is further

**ORDERED** that the trial in this matter previously scheduled for March 1, 2021, is **RESCHEDULED** to commence promptly at 9:00 A.M. on April 26, 2021, in St. Thomas Courtroom 1 before District Judge Robert A. Molloy. It is further

**ORDERED** that the parties shall file and serve a pre-trial memorandum no later than seven days before trial, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d)

*United States v. Ravalier*
Case No. 3:20-cr-0034
Order
Page 5 of 5

proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties shall provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than five days before trial;[1] it is further

**ORDERED** that the suppression hearing in this matter previously scheduled for January 28, 2021, is hereby **RESCHEDULED** to commence promptly at 9:00 A.M. on April 9, 2021.

**Dated:** January 21, 2021                                      */s/ Robert A. Molloy*
                                                                                       **ROBERT A. MOLLOY**
                                                                                       **District Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government's Exhibit 1. Any trial exhibits the Defense intends to offer shall be labelled sequentially beginning with Defense Exhibit A.